# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIOUS WELLS, : | |
| Plaintiff : | CIVIL ACTION NO. 3:16-0842 |
| v. : | (JUDGE MANNION) |
| JOHN WETZEL, et al., : | |
| Defendants : | |

## MEMORANDUM

## I. Background

Plaintiff, an inmate confined in the State Correctional Institution, Huntingdon, ("SCI-Huntingdon") Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). On April 21, 2017, Plaintiff filed an amended complaint. (Doc. 20). Plaintiff names as Defendants John Wetzel, Department of Corrections Secretary and the following SCI-Huntingdon employees: Superintendent Tabb Bickell; Deputy Superintendent of Facility Management J. Eckard; Deputy Superintendent of Centralized Services M.C. Garman; Unit Manager B. Hollibaugh; and Captain John Doe. Id.

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim. (Doc. 31). The motion is fully briefed and for the reasons that follow, Defendants' motion to dismiss will be **DENIED**.

## II. Allegations in the Amended Complaint

Plaintiff alleges he was assigned to the Restricted Housing Unit (RHU) at SCI Huntingdon on June 18, 2009, because he had a pending capital case. (Doc. 20, amended complaint). Plaintiff states that he met with Defendants Eckard, Garman, and/or Hollibaugh who were members of the Program Review Committee (PRC) but they continually denied his release from the RHU because of his pending capital case. Id. Plaintiff was released into general population on October 15, 2014, when the death penalty was removed from his criminal case. Id. Plaintiff alleges his confinement in the RHU from June 2009 through October 2014 violated his rights under the Eighth and Fourteenth Amendments. Id. For relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory relief "declar[ing] unconstitutional and unlawful defendants' actions in depriving plaintiff of his rights to be free from cruel and unusual punishment when forcing plaintiff to Administrative Custody from June 2009 through October 2014 without a compelling justification and/or factual supporting evidence to sustain plaintiff's confinement." Id.

### III. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6)

dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

## IV. <u>Discussion</u>

Plaintiff alleges that his placement in the RHU from June 2009 through October 2014 violated his Constitutional right to be free from cruel and unusual punishment and denied him of the minimum civilized measure of life's necessities.

Defendants argue that Plaintiff's placement in the RHU was justified pursuant to DC-ADM 802, the Administrative Custody Policy for the Pennsylvania Department of Corrections. The policy provides that an inmate who has "a detainer for a pending capital case, for which the prosecution is seeking the death penalty" is to be housed in Administrative Custody and

4

placed in a Level 5 Security Housing Unit. (See Doc. 31-2 at 2, DC-ADM 802 Policy). Defendants contend that Plaintiff does not dispute that he met this criterion throughout the time he was housed in the RHU, and that he acknowledged in his original complaint that he was released into general population once the death sentence was removed from his case. (See Doc. 31 at 32).

However, in his brief in opposition, Plaintiff submits two separate Inmate's Request to Staff Member requests, dated September 5, 2016 and September 7, 2016, in which Plaintiff inquires from two different staff members if there is a detainer "placed on [him] for whatever reason", or "if any detainer(s) was placed on [him] by Philadelphia County from June 2009 to January 2014." (Doc. 42 at 29, 31). Both Corrections employees respond to Plaintiff that there is no detainer(s) in his record. Id.

Plaintiff's submissions create a sustainable question of fact as to whether Plaintiff's placement in the RHU pursuant to DC-ADM 802 was appropriate in the first instance. Such question of fact prevents this Court from moving forward, at this stage in the proceedings, to properly address Plaintiff's Eighth and Fourteenth Amendment claims. Accordingly Defendants' motion to dismiss is denied.

## V. Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's amended complaint for failure to state an Eighth and Fourteenth Amendment claim will be denied. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 28, 2019**

16-0842-01